**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4613**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMMIE RAY PITTMAN,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:06-cr-00043-5)

---

Submitted: March 4, 2008        Decided: July 18, 2008

---

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Robert W. Adams, Hickory, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jammie Ray Pittman pled guilty pursuant to a plea agreement to conspiracy to manufacture and possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841 and 846 (2000). On appeal, Pittman argues the district court, having stricken a two-level enhancement for obstruction of justice recommended by the probation officer, erred by not further reducing his sentencing range upon granting the Government's motion for downward departure. His brief claims without reference to the record that "[h]e did not give up his right to appeal from a Judgment which was entered based on a miscalculation in the Presentence Report." Because we find the appellate waiver that is a provision of Pittman's plea agreement was knowing and voluntary and the issue raised by Pittman is within the scope of the waiver, we dismiss the appeal.

Pittman's plea agreement contains an appellate waiver that expressly provides he "waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel, and (2) prosecutorial misconduct." His appeal does not raise either of these issues.

When the government seeks to enforce a waiver of appellate rights and the appellant does not claim the government breached the plea agreement, this court will enforce the waiver if the record establishes the defendant knowingly and voluntarily

agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). The record reveals that Pittman agreed to this waiver knowingly and voluntarily.[*] See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991) (explaining that generally, if a district court fully questions a defendant regarding his waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid).

Accordingly, we dismiss Pittman's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Pittman does not assert on appeal that his appellate waiver was invalid.